UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOSEPH PETRICK, :
:
           Plaintiff/Appellant, :
:
    v. : No. 5:17-cv-00078
:
CARMEN FAZIO; DET. JAMIE BARRETT; :
CITY OF SCRANTON POLICE DEPT.; :
and LACKAWANNA COUNTY ASSISTANT :
DISTRICT ATTORNEY JOHN HART, III, :
:
           Appellees/Defendants. :
_____

**O P I N I O N**

Plaintiff's Request to Reopen Case, ECF No. 15–Denied

**Joseph F. Leeson, Jr.**                                                                            **February 6, 2018**
**United States District Judge**

       Plaintiff Joseph Petrick has filed a letter, which the Court received on November 22, 2017, ECF No. 15, asking the Court to reopen this case to allow him to respond to Defendants' motions to dismiss, which the Court granted on June 28, 2017, *see* Order, ECF No. 14. Because, as explained below, reopening this case would be futile, the request is denied.

       The relevant history of this case is as follows. On December 30, 2016, Petrick filed a notice of appeal from a December 6, 2016 order of Bankruptcy Judge Richard E. Fehling dismissing Petrick's Amended Complaint. ECF No. 1. In March and April 2017, the Defendants filed motions to dismiss Petrick's appeal as untimely, contending that Petrick failed to file his appeal within fourteen days after entry of the order being appealed, as required under Bankruptcy Rule 8002, and that this Court therefore lacked jurisdiction over the appeal.

On April 13, 2017, the Court received a letter from Petrick, stating that he had been in Lackawanna County prison since March 8, 2017, and since that date had not been able to receive any of the filings in this case. ECF No. 11. Petrick also provided the Court with his prison address and stated that his scheduled release date was June 8, 2017. *See id.* On April 19, 2017, the Court ordered that the Clerk of Court send to Petrick, at his prison address, a copy of the docket, as well as copies of docket entries Nos. 4 through 11, and ordered that Petrick respond to Appellees' filings by May 5, 2017. ECF No. 12. Petrick did not respond to Appellees' filings. On May 9, 2017, the Court again ordered that the Clerk of Court send copies of the relevant filings to Petrick at his prison address and ordered that Petrick respond no later than May 31, 2017. ECF No. 13. The Court advised Petrick that failure to respond may result in dismissal of this case without further notice. *Id.*

After receiving no response from Petrick, the Court granted Defendants' Motions to Dismiss on June 28, 2017. The Court determined that Petrick filed his appeal from the Bankruptcy Court's December 6, 2016 order on December 30, 2016, that his appeal was therefore untimely, and that as a result the Court lacked jurisdiction over his appeal. *See In re Syntax-Brillian Corp.*, No. 16-4343, 2017 WL 2211253, at *2 n.2 (3d Cir. May 19, 2017) ("Appeals from the Bankruptcy Court must be taken to the District Court within 14 days . . . and that requirement is jurisdictional.").

Nearly five months later, on November 22, 2017, Petrick filed the above-mentioned letter asking the Court to reopen his case. Petrick states that he received the documents sent to him by the Court when he was in prison, but he did not have access to the law library, and that his documents were subsequently destroyed. He further states that he was released from prison on

approximately June 13, 2017, and now has "the time and resources to continue prosecuting the case."

Although Petrick does not cite any legal authority in his letter, it appears that he is seeking relief under Federal Rule of Civil Procedure 60(b)(1), which provides that a court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." Specifically, Petrick appears to contend that his failure to respond to Defendants' motions was the result of "excusable neglect" on his part.

Even if Petrick could show excusable neglect, however, he would not be entitled to reopen this case because doing so would be futile. *See Murray v. D.C.*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."). "An appeal from a decision of a bankruptcy court is subject to the requirements of 28 U.S.C. § 158(c)(2), which provides that appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.'" *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011). Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that "[e]xcept as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[1] "[T]he prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional." *Caterbone*, 640 F.3d at 110.

---

[1] Neither subdivision (b) nor (c) is relevant here. Subdivision (b) concerns the filing of certain motions. Subdivision (c) refers to rules for claimants who are incarcerated at the time of filing the notice of appeal.

As mentioned above, Bankruptcy Judge Richard E. Fehling entered an order dismissing Petrick's Amended Complaint on December 6, 2016. Twenty-four days later, on December 30, 2016, Petrick filed a notice of appeal from the bankruptcy court's order.[2] Because Petrick's notice of appeal was received after the 14-day time period expired, it was untimely. Nor did Petrick file a motion to extend the time for filing a notice of appeal pursuant Rule 8002(c). This Court thus lacks jurisdiction to entertain Petrick's appeal, and his request to reopen this case is denied as futile.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2] The notice of appeal is dated December 13, 2016, but "[t]he date a court receives a notice of appeal controls whether it was timely filed." *See In re Hussain*, 532 F. App'x 196, 197 (3d Cir. 2013).